David L. Bissett
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE: CASE NO. 25-00603
SHANNON DILLON CHAPTER 13

Debtor

## ORDER CONFIRMING CHAPTER 13 PLAN

This case came before the Court, after notice and an opportunity for hearing, for confirmation of the Chapter 13 plan proposed by the Debtor in this case; and

IT APPEARING to the Court as follows:

1. The Debtor's filed a Chapter 13 plan of reorganization on October 24, 2025 (the "Plan"). A confirmation hearing was scheduled for February 10, 2026 and, no timely objections having been filed, the order was tendered to the Court for entry in advance of the hearing.

2. A summary of the Plan, or a summary of the final modification of the Plan, was transmitted to the creditors under Fed. R. Bankr. P. 3015.

3. **The Debtor has agreed to make payments of $14,436.92 in pre-confirmation funds (November 2025 - January 2026), then starting in February 2026, $7,535.00 for 57 consecutive months**, for a total base of **$443,931.92.** The Plan is confirmed as a PRO RATA distribution to unsecured creditors and the estimated return to unsecured creditors is **100%**. The total amount stated to be paid into the Plan is based on the assumption that all payments will be made in a timely manner and that the Trustee's fee percentage will not increase during the life of the Plan. **Insofar as the Confirmation Order differs from the direct pay order, the direct pay order is AMENDED to conform to the amounts set forth in the Confirmation Order.**

Pursuant to 11 U.S.C. §521(f), and in lieu of filing the tax return or transcript with the Clerk, the debtors shall annually submit to the Trustee a copy of the tax returns required in that section of the Code. In addition, upon request, the debtors shall annually submit to the Trustee a new statement of income and expenditures along with the source of the debtors' income at the time.

4. **Attorney Fees**:
The Debtor previously paid **$1,850.00** to their attorney and an additional **$3,000.00** will be paid from the estate as indicated in the plan. The Rule 2016 Disclosure statement filed by the attorney is deemed an approved fee application for pre-petition fees. The attorney will not seek payment of additional fees from the debtor in connection with this bankruptcy case except by the filing of an application for attorney fees with the Court. Counsel shall not cease to represent the debtor unless leave to withdraw as counsel is granted by the Court.

5. Entry of this Confirmation Order supersedes and/or modifies the proposed plan's treatment of creditors.

6. The Trustee shall pay the following secured claims as indicated:

Secured Claims

| Claim No. | Creditor | Collateral | Amt Secured | Monthly Amt | Int Rate |
|---|---|---|---|---|---|
| 9 | CAPITAL ONE AUTO FINANCE | 2016 Audi A3 VIN: WAUB8GFF6G1023127 | 1,482.95 | 34.83 | 14.41 |
| 15 | AMERIHOME MORTGAGE COMPANY LLC | DOT | 693,670.65 | 5,374.85 | |
| 15A | AMERIHOME MORTGAGE COMPANY LLC | | 40,051.91 | | |
| 16-2 | QUANTUM3 GROUP LLC | Lease/Household Goods | 521.02 | | |

**The amount secured, monthly payment amount and applicable interest rate may change based upon the filings pursuant to Fed. R. Bankr. P. 3002.1 or subsequent orders of the Court. For secured debts being paid by the Trustee pursuant to 11 U.S.C. § 1322(b)(5) or other such "cure and maintain" treatment, the claim is separated into at least two components: an on-going payment and pre-petition arrearage claim. Payments by the trustee will be so designated on checks from the trustee to the affected creditor.**

**Entry of this Confirmation Order resolves the objection to confirmation filed by AmeriHome Mortgage Company, LLC, filed on 11/19/2025 (Document No. 16).**

Each creditor listed in this subsection shall retain its lien against the property which is the subject of its securing interest until the payment of the entire underlying debt or the entry of a discharge.

7. The Debtor shall pay the following claims directly:

Direct Pay Claims

| Claim No. | Creditor | Collateral | Monthly Amount |
|---|---|---|---|
| | BERKELEY COUNTY | 2023 & 2024 Taxes | |

In the event of a post-petition default in payments to a creditor listed in this subsection, the Debtor may lose the right to serve as the disbursing agent on the claim.

The Trustee will not file a notice of Final Cure when the Debtor is the disbursing agent on a claim.

8. The Debtor has surrendered or will surrender the collateral securing the liens of the following creditors:

Collateral Surrendered or Stay is Lifted

| Claim No. | Creditor | Collateral |
|---|---|---|
| | NONE | |

A secured creditor entitled to a deficiency claim must file that claim within 120 days of the date of the entry of this confirmation order unless otherwise ordered by the court. Allowed deficiency claims will be paid pro rata with other general unsecured claims without the need to modify this Confirmation Order.

9. The Debtor has sold or will sell the collateral securing the liens of the following creditors:

Collateral Sold

| Claim No. | Creditor | Collateral |
|---|---|---|
| | NONE | |

10. The Trustee shall pay the following priority claims in full:

Priority Claims

| Claim No. | Creditor | Claim Amount |
|---|---|---|

NONE

11. The following domestic support obligations shall be paid by the Trustee:

Domestic Support Obligations Paid by Trustee

| Claim No. | Creditor | Claim Amount | Monthly Amount |
|---|---|---|---|

NONE

11a. The following domestic support obligations shall be paid be paid directly by the Debtor:

Domestic Support Obligations Paid Directly

| Claim No. | Creditor | Monthly Amount |
|---|---|---|

NONE

12. The following creditors have allowed unsecured claims that are to be paid by the Trustee pursuant to the terms of the Plan and this Confirmation Order:

Unsecured Claims

| Claim No. | Creditor | Claim Amount |
|---|---|---|
| 1 | RESURGENT CAPITAL SERVICES | $508.79 |
| 2 | JEFFERSON CAPITAL SYSTEMS, LLC | $3,599.54 |
| 3 | BANK OF MISSOURI | $290.82 |
| 4 | BANK OF MISSOURI | $290.71 |
| 5 | ONEMAIN FINANCIAL | $425.00 |
| 6 | CAPITAL ONE N.A. | $1,205.19 |
| 7 | JEFFERSON CAPITAL SYSTEMS, LLC | $928.79 |
| 8 | JEFFERSON CAPITAL SYSTEMS, LLC | $1,282.31 |
| 10 | MIDLAND CREDIT MANAGEMENT, INC | $1,438.96 |

| | | |
|---|---|---|
| 11 | JEFFERSON CAPITAL SYSTEMS, LLC | $746.83 |
| 12 | RESURGENT CAPITAL SERVICES | $576.37 |
| 13 | TRINITY HEALTH | $503.19 |
| 14 | WVU MEDICINE | $1,146.97 |
| 16-2 | QUANTUM3 GROUP LLC | $333.12 |

Total Allowed Unsecured Claims as of the Date of the Confirmation Order: $13,276.59

**Treatment of a claim as allowed in this Confirmation Order does not bar a later objection to the claim being filed by either the Debtor or Trustee. Timely filed deficiency claims for surrendered property, timely filed governmental claims, and any subsequent unsecured claim that is allowed by Court order will be paid pro-rata with the unsecured claims listed in this Confirmation Order without the need to modify this Confirmation Order.**

Special Unsecured Claims

| Claim No. | Creditor | Claim Amount |
|---|---|---|
| | NONE | |

12 (a). The treatment of student loans is as follows:

Student Loans

| Claim No. | Creditor | Claim Amount |
|---|---|---|
| | NONE | |

**This Confirmation Order does not determine the dischargeability of student loan claims.**

13. Subsequently filed Claims under 11 U.S.C. § 1305.

Claims filed under § 1305 of the Bankruptcy Code will be paid in full and may result in the Trustee filing a notice of increased plan base.

14. The plan complies with the provisions of Chapter 13, and with all other applicable provisions of Title 11 of the United States Code.

THEREFORE, it is ORDERED that

1. The Debtor's Chapter 13 Plan is confirmed.

2. The Debtor shall not incur any single indebtedness in excess of $5,000.00 without the prior approval of this Court; provided, however, that no prior court approval is needed for debts incurred for necessary medical treatment, automotive repair, home repair, or for loans taken from a Debtor's 401(k) or similar-type retirement plan.

3. The Debtor shall not transfer any interest in any non-exempt property having a value in excess of $5,000.00 without the prior approval of this Court.

4. The Debtor shall maintain collision insurance on any vehicle on which there is a lien or unexempt value. The Debtor shall also maintain insurance on any real property on which there is a lien or unexempt value.

5. Providing for a claim under this Plan does not bar objections to the claim.

6. Unless specifically stated otherwise in the proposed Chapter 13 plan, all property of the estate, as specified by 11 U.S.C. §§ 541 and 1306, shall continue to be property of the estate following confirmation.

7. If the Chapter 13 Trustee is the disbursing agent on a long term debt, the holder or servicer of a claim secured by a deed of trust, mortgage, or other security instrument in real property or a mobile home is precluded from imposing late charges or other default related fees based solely on pre-confirmation default.

8. Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens are reserved and confirmation of the Plan is without res judicata effect as to any action to avoid a lien.

9. Any creditor holding an allowed secured claim to whom the Debtor are surrendering property under this Order of Confirmation is granted relief from the automatic stay and any co-debtor stay so the creditor may obtain posession and liquidate the property. Any net proceeds received during the pendency of this case, after payment of liens and costs of liquidation, are to be forwarded to the Chapter 13 Trustee.

10. All insurance and warranty coverage on unsecured general claims is cancelled and the claim must reflect cancellation and rebate to the account unless provided otherwise herein.

11. The lifting of the automatic stay pursuant to a motion filed by a secured creditor authorizes the termination by the Trustee of all payments on any claim secured by the real or personal property that is subject to the stay relief motion.

12. Any lease of personal property or executory contracts which is not assumed by confirmation of the plan is deemed rejected and the automatic stay and co-debtor stay are terminated.

13. The Debtor shall promptly report to the Trustee the receipt of any inheritance, gift of real or personal property, or lottery winnings.

14. Secured creditors for whom the Debtor is the disbursing agent shall continue to send monthly statements to the Debtors in the same manner as existed pre-petition and such statements will not be deemed a violation of the automatic stay.

15. By filing a proof of claim, a creditor accepts the treatment of the claim in the Confirmed Plan. In the event that a creditor receives funds on a claim treated in this Plan from sources other than provided by this Plan, the creditor must file an amended proof of claim within 30 days.

16. Timely filed, pre-petition governmental claims that are filed after the entry of this Confirmation Order are allowed claims under this Confirmation Order. If a timely filed secured or priority governmental claim results in a negative cash flow, the Trustee may file a notice of increased plan base to ensure that the claim is paid in full and/or may seek to modify this Confirmation Order.

17. An untimely filed non-governmental, pre-petition unsecured claim that is received by the Clerk after then entry of this Confirmation Order, that is not an allowed deficiency claim under this Confirmation Order, is deemed disallowed without further notice or opportunity for a hearing.

18. The provision for the direct payment to a secured, priority and/or specially classified unsecured claim in this Confirmation Order constitutes a claim in accordance with Fed. R. Bankr. P. 3004. A proof of claim filed by the Trustee or by the Debtor is not required.

19. Under 11 U.S.C. 1326(c), the Chapter 13 Trustee has discretion to set the priority levels of payments to secured creditors and administrative fees, and to defer payments on secured arrearage claims, priority claims, and unsecured claims.

Order prepared by:
/s/ Ryan W. Johnson

Ryan W. Johnson
Chapter 13 Trustee
1049 Market Street
Wheeling, WV 26003
(304)744-6730